# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAYBELL QUANTUM INDUSTRIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>OXFORD INSTRUMENTS PLC and OXFORD INSTRUMENTS NANOTECHNOLOGY TOOLS LTD.,<br><br>    Defendants. | Case No. 1:25-cv-00949-MN |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT <u>FOR FAILURE TO STATE A CLAIM</u>

Andrew J. Gray IV (*pro hac vice* pending)
Tae-Woong Koo (*pro hac vice* pending)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone:  650.843.4000
Fax:  650.843.4001
andrew.gray@morganlewis.com
tae-woong.koo@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Substituting Defendants*
*QD Oxford UK Limited and Quantum Design*
*International Inc.*

## TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ........................................ 1

II. NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 3

III. STATEMENT OF FACTS .................................................................................................. 3

    A. The Complaint Contains Sparse Allegations as to Defendants' Alleged Knowledge of the '320 Patent and Defendants' Alleged Infringement ................ 3

    B. The Complaint's Allegations as to Willful, Induced, and Contributory Infringement Consist Solely of Conclusory Statements and Recitations of Elements of the Claims ................................................................................................ 4

IV. LEGAL STANDARD .......................................................................................................... 6

    A. Failure to State a Claim Under Rule 12(b)(6) ............................................................ 6

    B. Standards for Pleading Willful and Indirect Infringement ................................... 6

        1. Willful Infringement ........................................................................................... 6

        2. Induced Infringement ......................................................................................... 7

        3. Contributory Infringement ................................................................................ 7

V. ARGUMENT ......................................................................................................................... 8

    A. Maybell Fails to Plausible State A Claim for Willful Infringement ..................... 8

        1. Maybell Fails to Plausibly State a Claim Against Defendants for Pre-Suit Willful Infringement .......................................................................... 8

        2. Maybell Fails to Plausibly State a Claim Against Defendants for Post-Suit Willful Infringement Because the Complaint Lacks Factual Allegations of Defendants' Knowledge of Alleged Infringing Acts ................................................................................................... 9

        3. Maybell Fails to Plausibly State a Claim Against Defendants for Pre-Suit and Post-Suit Willful Infringement Because the Complaint Lacks Factual Allegations of Defendants' Deliberate or Intentional Infringement ...................................................................................................... 11

    B. Maybell Fails to Plausibly State a Claim Against Defendants for Induced Infringement ................................................................................................................ 11

    C. Maybell Fails to Plausibly State a Claim Against Defendants for Contributory Infringement ....................................................................................... 13

VI. CONCLUSION ................................................................................................................... 15

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*APS Tech., Inc. v. Vertex Downhole, Inc.*,
  No. 1:19-cv-01166-MN, D.I. 49 (D. Del. July 29, 2020) ........................................................11

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964).................................................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................6

*Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*,
  530 F. Supp. 3d 468 (D. Del. 2021)................................................................................ *passim*

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)...............................................................................................12

*Bos. Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019)......................................................................................6, 8

*Bos. Sci. Corp. v. Nevro Corp.*,
  560 F. Supp. 3d 837 (D. Del. 2021).........................................................................................9

*Cleveland Med. Devices Inc. v. ResMed Inc.*,
  696 F. Supp. 3d 4 (D. Del. 2023)..................................................................................9, 11, 12

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. 1:18-cv-00098, 2018 WL 6629709 (D. Del. Dec. 19, 2018) ...........................................12

*DSU Med. Corp. v. JMS Co., Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006).................................................................................................7

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020).................................................................................................6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016)...............................................................................................................6, 10

*HSM Portfolio LLC v. Fujitsu Ltd.*,
  No. 1:11-cv-00770, 2014 WL 4468088 (D. Del. Sept. 9, 2014) .......................................13, 15

# TABLE OF AUTHORITIES
(continued)

**Page**

*iFIT Inc. v. Peloton Interactive, Inc.*,
   No. 1:21-cv-00507, 2022 WL 609605 (D. Del. Jan. 28, 2022) ............................................... 9

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 1:18-cv-00452, 2019 WL 330515 (D. Del. Jan. 25, 2019) ......................................... 7, 14

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) ............................................................................................. 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012) ................................................................................. 2, 13

*Omni MedSci, Inc. v. Whoop, Inc.*,
   No. 1:25-cv-00140, 2025 WL 2720998 (D. Del. Sept. 24, 2025) ......................................... 9

*Pact XPP Schweiz AG v. Intel Corp.*,
   No. 1:19-CV-01006, 2023 WL 2631503 (D. Del. Mar. 24, 2023) ...................................... 10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ........................................................................................ 7, 11

*VLSI Tech. LLC v. Intel Corp.*,
   No. 1:18-cv-00966, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .......................................... 9

*Wrinkl, Inc. v. Facebook, Inc.*,
   No. 20:cv-1345, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ............................................. 10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ...................................................................................... 9

**Statutes**

35 U.S.C. § 271(b) .................................................................................................................. 3, 11

35 U.S.C. § 271(c) .................................................................................................................. *passim*

35 U.S.C. § 284 ................................................................................................................. 2, 3, 6, 9

**Other Authorities**

Federal Rule of Civil Procedure 6 ................................................................................................. 3

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 1, 3, 5

Federal Rule of Civil Procedure 25(c) .......................................................................................... 1

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff Maybell Quantum Industries, Inc. ("Maybell") asserts woefully deficient claims of willful infringement, induced infringement, and contributory infringement of U.S. Patent No. 12,313,320 (the "'320 Patent") against Oxford Instruments PLC and Oxford Instruments Nanotechnology Tools Ltd (collectively, "Oxford Instruments").[1]  Because Maybell's willful, induced, and contributory infringement claims do not satisfy the Rule 12(b)(6) plausibility standard, these claims must be dismissed.

**Maybell Has Not Pleaded That Defendants Had the Requisite Knowledge for Claims of Willful, Induced, and Contributory Infringement.**

Maybell relies entirely on service of the Complaint in this matter to allege that Defendants had (1) knowledge of the '320 Patent and (2) knowledge of its infringing acts, to support its claims for willful, induced, and contributory infringement.  *See* D.I. 1 ("Compl.") ¶¶ 32-33, 41.  The Complaint fails to provide any other allegations that the Defendants had pre-suit knowledge of the '320 Patent or any alleged infringing acts.  Accordingly, Maybell's willful, inducement, and contributory infringement claims must be dismissed.

**Maybell Has Not Pleaded Sufficient Facts to Support a Claim of Willful Infringement.**

Not only does the Complaint fail to plead the requisite knowledge to support Maybell's claim for willful infringement adequately, the Complaint contains no factual allegations of *any* conduct by Defendants that would warrant enhanced damages under 35 U.S.C. § 284.  Instead,

---

[1] Quantum Design International Inc. recently acquired the Oxford NanoScience division of named defendants, Oxford Instruments PLC and Oxford Instruments Nanotechnology Tools Ltd. The Oxford NanoScience division was responsible for and owned all interests in the accused ProteoxQX systems.  As a result of the acquisition, all interests in Oxford NanoScience, including its liabilities relating to this lawsuit, have been assigned to and assumed by Quantum Design International Inc.  The parties have filed a stipulation to substitute Quantum Design International Inc. and QD Oxford UK Limited (collectively, "Quantum" or "Defendants") as defendant parties per Rule 25(c).  D.I. 12.

Maybell's allegations related to willful infringement are conclusory. Compl. ¶ 32.[2] Because the Complaint fails to allege any facts to support a claim for willful infringement, that claim must be dismissed.

### Maybell Has Not Pleaded Sufficient Facts to Support a Claim of Induced Infringement.

Maybell's induced infringement claim is deficient not only because the Complaint fails to allege the requisite knowledge, but also because it fails to allege specific intent to induce a third party to infringe. The Complaint's specific intent allegations are limited to conclusory statements that Defendants "provided equipment that induces customers or others" to infringe "at least claim 1 of the '320 patent" through Defendants' websites, user manuals, product documents, and other advertising materials. Compl. ¶¶ 33-34. However, such ordinary marketing activities do not constitute a specific intent to encourage another's infringement. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012). As such, Maybell's claim for induced infringement is not supported.

### Maybell Has Not Pleaded Sufficient Facts to Support a Claim of Contributory Infringement.

Finally, Maybell's contributory infringement claim is deficient even beyond its failure to plead that Defendants had the requisite knowledge. The contributory infringement allegations consist of only a bare recitation of the elements of a contributory infringement claim. This is not sufficient. *Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021). The claim of contributory infringement also fails, because the Complaint relies on the

---

[2] The only other occurrence of the term "willful" in the Complaint is in the "Request for Relief" section, in which Maybell requests this Court to enter judgment "[d]eclaring that Defendants' infringement has been willful."

2

same products accused of direct infringement, which is insufficient. *Id.* Maybell's claim for contributory infringement is therefore not supported and must be dismissed.

* * *

In sum, Maybell's Complaint does not plead any plausible factual basis to support allegations of willful infringement (§ 284), induced infringement (§ 271(b)), and contributory infringement (§ 271(c)) of the '320 Patent. Partial dismissal of Count 1 of the Complaint is warranted.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On July 29, 2025, Maybell filed its Complaint accusing Oxford Instruments of direct, willful, induced, and contributory infringement. Compl. ¶¶ 29-44. Maybell filed an unopposed motion to extend the deadline for Oxford Instruments to respond to the Complaint to January 17, 2026 (D.I. 8) and another unopposed motion to further extend the deadline to January 23, 2026 (D.I. 11). On January 23, 2026, Maybell, Oxford Instruments, and Quantum filed a joint stipulation to substitute defendants Oxford Instruments with Quantum in this case. D.I. 12. In lieu of filing an Answer, Quantum moves to partially dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    STATEMENT OF FACTS

### A.    The Complaint Contains Sparse Allegations as to Defendants' Alleged Knowledge of the '320 Patent and Defendants' Alleged Infringement

Maybell's allegations of willful, induced, and contributory infringement are based on conclusory boilerplate rather than facts. With respect to Defendants' alleged knowledge of the '320 Patent, the Complaint simply states the following:

> Since at least as early as the service of this Complaint, Oxford Instruments has known of the '320 Patent. Accordingly, Defendants' infringement as alleged herein is and has been willful.

3

Compl. ¶ 32.

The Complaint's induced infringement allegations are similarly deficient. In support of its claim for induced infringement, Maybell baldly alleges the following regarding Defendants' alleged knowledge:

> Since at least as early as the service of this Complaint, Oxford Instruments has known that the Accused Products infringe at least claim 1 of the '320 Patent when used by customers or other users, when imported by others, and when sold or offered for sale by its subsidiaries or other third parties.

Compl. ¶ 33.

Similarly, Maybell's allegations regarding Defendants' alleged knowledge of its contributory infringement are conclusory and devoid of any factual support:

> Since at least as early as the service of this Complaint, Defendants have known of the '320 Patent and have known that the Accused Products are made or adapted for use in a manner that infringes at least claim 1 of the '320 Patent.

Compl. ¶ 41.

### B.  The Complaint's Allegations as to Willful, Induced, and Contributory Infringement Consist Solely of Conclusory Statements and Recitations of Elements of the Claims

Maybell's claims of willful, induced, and contributory infringement lack factual support. Maybell's allegations supporting its willful infringement claim are limited to two sentences: "Since at least as early as the service of this Complaint, Oxford Instruments has known of the '320 Patent. Accordingly, Defendants' infringement as alleged herein is and has been willful."[3] Compl. ¶ 32.

---

[3] As explained in footnote 2, the only other occurrence of the term "willful" in the Complaint is in the "Request for Relief" section, in which Maybell requests this Court to enter judgment "[d]eclaring that Defendants' infringement has been willful."

Maybell's induced infringement allegations are also conclusory, and fail to plead that Defendants had the specific intent to encourage infringement the '320 Patent:

> Since at least as early as the service of this Complaint, Defendants have induced infringement and continue to induce infringement by actively encouraging customers and/or other users to directly infringe at least claim 1 of the '320 Patent.  Defendants have provided equipment that induces customers or others to use, offer for sale, and sell the Accused Products in a manner that infringes at least claim 1 of the '320 Patent.  They have done so, for example, on their websites, in their user manuals, in the product documentation, and in other advertising materials.

Compl. ¶ 34.

Maybell's contributory infringement allegations likewise consist of conclusory statements parroting the statutory language:

> Since at least as early as the service of this Complaint, Oxford Instruments has contributorily infringed at least claim 1 of the '320 Patent by importing, selling and/or offering to sell their Accused Products within the United States.
>
> The Accused Products are not staple articles or commodities of commerce with substantial noninfringing uses.  The Accused Products are designed, configured, and adapted to work with both other Oxford Instruments devices and other third-party devices, such as computer systems for control and operation of its dilution refrigerator.  The Accused Products have no substantial purpose other than as part of infringing devices and accordingly are not staple articles or commodities of commerce.

Compl. ¶¶ 38-39.  Not only do these allegations fail to provide facts notifying Defendants how they allegedly contribute to a third party's infringement, Maybell's allegations for contributory infringement also rely on the same products accused of direct infringement.

5

IV.     **LEGAL STANDARD**

    A.     **Failure to State a Claim Under Rule 12(b)(6)**

To state a claim upon which relief can be granted, a complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Rather, a complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

    B.     **Standards for Pleading Willful and Indirect Infringement**

"Claims for induced, contributory and willful infringement all require that the defendant had knowledge of the patents-in-suit and knowledge that the acts at issue constituted patent infringement." *Bench Walk*, 530 F. Supp. 3d at 491.

        1.     **Willful Infringement**

The Supreme Court set forth the legal standard for willful infringement in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 110 (2016), holding that enhanced damages for such infringement is "limit[ed] . . . to egregious cases of misconduct beyond typical infringement." "In assessing the egregiousness of a defendant's conduct for § 284 purposes, 'culpability is generally measured against the knowledge of the [defendant] at the time of the challenged conduct.'" *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 493 (D. Del. 2019) (citing *Halo*, 579 U.S. at 94).  Thus, for a plaintiff "[t]o plead a claim of willful infringement, the complaint must allege that the accused infringer knew of the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge*.*" *NNCrystal US Corp. v. Nanosys, Inc.*, No.

6

1:19-1307, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020)).

        **2.**      **Induced Infringement**

To state a claim for induced infringement, "a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citation modified). "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). Specific intent is distinct from knowing inducement of infringing acts. "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

        **3.**      **Contributory Infringement**

A claim for contributory infringement requires a showing that the accused infringer "offers to sell or sells . . . a component of a patented [invention], constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). Contributory infringement thus requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). "[S]imply pleading the absence of substantial non-infringing uses is normally sufficient to satisfy the pleading requirement for that element of contributory infringement," but a claim may still be fundamentally flawed if the

"complaint fails to plead any facts showing what particular conduct by [the accused infringer] contributed to the infringement of the patents by others." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 1:18-cv-00452, 2019 WL 330515, at *5-6 (D. Del. Jan. 25, 2019).

## V. ARGUMENT

### A. Maybell Fails to Plausible State A Claim for Willful Infringement

At the pleading stage, willful infringement claims require that the "defendant had knowledge of the patents-in-suit and knowledge that the acts at issue constituted patent infringement." *Bench Walk*, 530 F. Supp. 3d at 491. Maybell fails to allege knowledge of the '320 Patent before the Complaint was filed, and pleads no facts to support an allegation that Defendants knew of alleged infringing acts or that Defendants deliberately or intentionally continued infringement.

#### 1. Maybell Fails to Plausibly State a Claim Against Defendants for Pre-Suit Willful Infringement

Maybell's allegation that Defendants had pre-suit knowledge of the '320 Patent is limited to a few conclusory sentences stating that Defendants knew of the patent "at least as early as the service of this Complaint." Compl. ¶¶ 32, 41. The Complaint alleges no facts as to whether Defendants knew of '320 Patent or alleged infringement prior to the Complaint. Rather, in conclusory fashion, Maybell alleges that "Defendants' infringement as alleged herein is and *has been* willful."[4] Compl. ¶ 32. This is all that Maybell alleges on pre-suit willful infringement. The absence of facts suggesting that Defendants had pre-suit knowledge of the '320 Patent is fatal to Maybell's pre-suit willful infringement claim. In the absence of any communications or

---

[4] In comparison, Maybell does not allege that either the alleged induced or contributory infringement had taken place prior to service of the Complaint. To the extent that Maybell asserts pre-suit claims, each must be dismissed for lack of pre-suit knowledge. *Bench Walk*, 530 F. Supp. 3d at 491.

8

any business relationship, Defendants cannot plausibly be accused of either knowledge of the '320 Patent or knowledge that its alleged conduct could constitute infringement.  *See Bos. Sci. Corp.*, 415 F. Supp. 3d at 495.  Maybell has therefore failed to state a claim against Defendants for pre-suit willful infringement.

        **2.**      **Maybell Fails to Plausibly State a Claim Against Defendants for Post-Suit Willful Infringement Because the Complaint Lacks Factual Allegations of Defendants' Knowledge of Alleged Infringing Acts**

For Maybell's post-suit willful infringement claim, Maybell never alleges that Defendant also "knowingly or intentionally infringed the patent after acquiring that knowledge."  *Omni MedSci, Inc. v. Whoop, Inc.*, No. 1:25-cv-00140, 2025 WL 2720998, at *2 (D. Del. Sept. 24, 2025) (citations omitted).

Maybell's reliance on the Complaint alone is insufficient to establish the requisite knowledge of the '320 Patent and infringement thereof.  *See, e.g.*, *Bos. Sci. Corp. v. Nevro Corp.*, 560 F. Supp. 3d 837, 843 (D. Del. 2021) ("[A] claim for willfulness-based enhanced damages under § 284 cannot be sustained 'where the defendant's alleged knowledge of the asserted patents is based solely on the content of th[e] [operative] complaint or a prior version of th[at] complaint filed in the same lawsuit.'"); *iFIT Inc. v. Peloton Interactive, Inc.*, No. 1:21-cv-00507, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) (holding that plaintiff failed to sufficiently allege knowledge of asserted patent to support its willful infringement claim where it alleged Defendant knew of asserted patent as of filing of its original complaint); *Cleveland Med. Devices Inc. v. ResMed Inc.*, 696 F. Supp. 3d 4, 12-14 (D. Del. 2023) (holding that the complaint itself cannot serve as the basis for a defendant's actionable knowledge for willful infringement claim).

Courts that decline to impute knowledge from the Complaint do so on the basis that the "purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."

9

*VLSI Tech. LLC v. Intel Corp.*, No. 1:18-cv-00966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021) ("The limited authority vested in our courts by the Constitution and the limited resources made available to our courts by Congress counsel against encouraging plaintiffs to create claims by filing claims. It seems to me neither wise nor consistent with principles of judicial economy to allow court dockets to serve as notice boards for future legal claims for indirect infringement and enhanced damages."); *Pact XPP Schweiz AG v. Intel Corp.*, No. 1:19-CV-01006, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023) ("There are many reasons why a complaint can't constitute the basis willful infringement, among them that a complaint can't constitute an element of a claim that it purports to raise, and that it would mean all infringement suits involve willful infringement.").

Indeed, the lack of pre-suit knowledge precludes willful infringement claims because enhanced damages for willful infringement are limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs, Inc.*, 579 U.S. at 110; *see also Wrinkl, Inc. v. Facebook, Inc.*, No. 1:20-cv-1345, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021) (dismissing willful infringement claim based on post-suit knowledge from complaint because "[w]illfulness is based on a defendant's bad state of mind"). Maybell's sparse allegations with respect to Defendants' knowledge of the '320 Patent warrant dismissal of its willful infringement claim.

Accordingly, Maybell has failed to allege the requisite knowledge for the post-suit willful infringement claim. Maybell's allegations against Defendants for post-suit willful infringement should be dismissed.

3.  **Maybell Fails to Plausibly State a Claim Against Defendants for Pre-Suit and Post-Suit Willful Infringement Because the Complaint Lacks Factual Allegations of Defendants' Deliberate or Intentional Infringement**

Even if the Complaint were to have plead that Defendants had knowledge of the '320 Patent and the alleged infringement sufficiently, Maybell's willful infringement claim still fails. Maybell's willful infringement allegations comprise only two conclusory sentences: "Since at least as early as the service of this Complaint, Oxford Instruments has known of the '320 Patent. Accordingly, Defendants' infringement as alleged herein is and has been willful." Compl. ¶ 32. "[T]o state a claim of willful infringement to withstand a motion to dismiss, a plaintiff must plausibly allege that the accused infringer deliberately or intentionally infringed a patent-in-suit after obtaining knowledge of that patent and its infringement." *APS Tech., Inc. v. Vertex Downhole, Inc.*, No. 1:19-cv-01166-MN, D.I. 49 at *7 (D. Del. July 29, 2020) (attached as Exhibit A). The Complaint pleads no facts that plausibly support an inference that Defendants deliberately or intentionally infringed the '320 Patent. Accordingly, Maybell "may not depend on conclusory allegations to state a willfulness claim" and its willful infringement claims must be dismissed. *Cleveland Med.*, 696 F. Supp. 3d at 11.

B.  **Maybell Fails to Plausibly State a Claim Against Defendants for Induced Infringement**

Maybell fails to plead all elements necessary to support its induced infringement claim. Induced infringement under 35 U.S.C. § 271(b) requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp.*, 581 F.3d at 1328. Fatally, however, Maybell fails to plead that Defendants "knew of the patent" and "knowingly induced the infringing acts." Maybell makes the conclusory allegation that "as early as the service of this Complaint" Defendants have "known that the Accused Products infringe at least claim 1 of the

11

'320 Patent when used by customers or other users, when imported by others, and when sold or offered for sale by its subsidiaries or other third parties" and have "induced infringement and continue to induce infringement by actively encouraging customers and/or other users to directly infringe at least claim 1 of the '320 Patent." Compl. ¶¶ 33-34.  Other than these conclusory statements, the Complaint lacks any factual allegations showing that Defendants have "known that the Accused Products infringe at least claim 1 of the '320 Patent" based on third party activity.  Maybell's claim for induced infringement must therefore be dismissed.

Maybell's claim for induced infringement should be dismissed for the additional reason that it has not pleaded facts that plausibly support an inference that Defendants had the requisite specific intent to induce infringement.  For a claim of induced infringement to withstand a motion to dismiss, Maybell must plead facts that plausibly support an inference that Defendants "specifically intended [another] to infringe the ['320 Patent] and knew that the [induced] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  The Complaint is devoid of any facts that would support such an inference.  Maybell's allegations with respect to its claim for induced infringement state simply that Defendants "provided equipment that induces customers or others to use, offer for sale, and sell the Accused Products in a manner that infringes at least claim 1 of the '320 Patent" and that they have done so "on their websites, in their user manuals, in their product documents, and in other advertising materials." Compl. ¶¶ 33-34.

Maybell references Defendants' websites, user manuals, product documents, and other advertising materials, but fails to provide any explanation for what is provided in those materials that purportedly induced patent infringement.  These bald allegations, without more, are insufficient to support Maybell's claim for induced infringement. *See, e.g.*, *Cleveland Med.*, 696

12

F. Supp. 3d at 13 (dismissing induced infringement claim where plaintiff failed to explain what defendant purportedly provided in its "instructions to customers that resulted in infringing use"); *DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 1:18-cv-00098, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding that plaintiff failed to state a claim of inducement where plaintiff merely provided a formulaic recitation of the elements of an inducement claim and failed to identify any particular material on defendants' website to support its allegation that defendants specifically intended to induce infringement); *MONEC*, 897 F. Supp. 2d at 234 ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement.").

For these reasons, Maybell's claim for induced infringement must be dismissed.

### C.  Maybell Fails to Plausibly State a Claim Against Defendants for Contributory Infringement

As with its claims for willful and induced infringement, Maybell's deficient allegations fail to support its claim for contributory infringement. To plead contributory infringement under 35 U.S.C. § 271(c), Maybell must allege that Defendants "(1) had knowledge of the patent; (2) sold products especially made for the combination product's infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) the combination product directly infringed." *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 1:11-cv-00770, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014). Maybell has not done this. Maybell failed to plead that Defendants had the requisite "knowledge of the patent" and "knowledge of the infringing use." *Supra* Section V.A.2. With respect to the contributory infringement claim, the Complaint states: "Since at least as early as the service of this Complaint, Oxford Instruments has contributorily infringed at least claim 1 of the '320 Patent by importing, selling and/or

offering to sell their Accused Products within the United States." Compl. ¶ 41. "Since at least as early as the service of this Complaint, Defendants have known of the '320 Patent and have known that the Accused Products are made or adapted for use in a manner that infringes at least claim 1 of the '320 Patent." Compl. ¶ 38. However, these statements lack any factual allegations to support the conclusory statements and thus are legally insufficient.

Maybell's contributory infringement claim fails for the following additional reasons:

*First*, Maybell fails to plead how the elements of 35 U.S.C. § 271(c) are met. Maybell's contributory infringement allegations are contained in a single paragraph of its Complaint, where it parrots conclusory recitations of the elements of the claim. Compl. ¶ 39. Such deficient allegations cannot support a claim of contributory infringement and must be dismissed. *See Bench Walk*, 530 F. Supp. 3d at 491 (dismissing contributory infringement claims because "Plaintiff's contributory infringement allegations [] simply track[ed] the legal elements of such a claim, without providing any facts that flush out why it is plausible that those elements are met.").

For example, Maybell fails to provide any detail as to how Defendants allegedly contribute to a third party's infringement. This alone is fatal to its contributory infringement claim. Failure to "plead any facts showing what particular conduct by [defendants] contributed to the infringement of the patents by others" is a "fundamental problem" for a contributory infringement claim. *IOENGINE*, 2019 WL 330515, at *6. In *IOENGINE*, the court dismissed "barebone" contributory infringement claims in their entirety, finding "the complaint [did] not identify any particular conduct by [defendant] that contributes to the direct infringement by others, or how it does so." *Id.* Here, the Complaint suffers the same deficiencies. Maybell recites each element of contributory infringement, but fails to allege any fact regarding what

14

Defendants contribute to "other Oxford Instruments devices and other third-party devices, such as computer systems for control and operation of its dilution refrigerator" that results in infringement. Compl. ¶ 39. Because Maybell's contributory infringement allegations amount to no more than threadbare recitations of the statutory language rather than fact-based assertions for how each claim element is satisfied, its contributory infringement claim must be dismissed.

*Second*, Maybell's contributory infringement allegations are also fundamentally flawed because they rely on the same products—*i.e.*, its ProteoxQX systems—that are accused of direct infringement. Maybell fails to identify "**a component** of a patented [invention]" that is especially designed for an infringing product, as required for contributory infringement. *See* 35 U.S.C. § 271(c) (emphasis added). Courts in this District dismiss contributory infringement claims that rely on the same product accused of direct infringement. *See, e.g.*, *Bench Walk*, 530 F. Supp. 3d at 491 (dismissing contributory infringement claim because "Plaintiff's FAC seems to be alleging that the Accused LED [Products] themselves allegedly satisfy the limitations of the asserted claims before their incorporation into any combination[—i.e.] not contributory infringement."); *HSM Portfolio LLC*, 2014 WL 4468088 at *1 (dismissing contributory infringement claim that accused the same device that was accused of direct infringement). Accordingly, Maybell's contributory infringement allegations should be dismissed.

## VI.    CONCLUSION

The Court must dismiss Maybell's allegations in Count I for willful infringement (§ 284), induced infringement (§ 271(b)), and contributory infringement (§ 271(c)) of the '320 Patent pursuant to Rule 12(b)(6) for failure to plead facts sufficient to state a claim on which relief can be granted.

| | |
|---|---|
| Dated: January 23, 2026 | Respectfully submitted, |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | */s/Amy M. Dudash* |
| Andrew J. Gray IV (*pro hac vice* forthcoming) | Amy M. Dudash (DE Bar No. 5741) |
| Tae-Woong Koo (*pro hac vice* forthcoming) | 1201 N. Market Street, Suite 2201 |
| 1400 Page Mill Road | Telephone: 302.574.3000 |
| Palo Alto, California 94304 | Fax: 302.574.3001 |
| Telephone: 650.843.4000 | amy.dudash@morganlewis.com |
| Fax: 650.843.4001 | |
| andrew.gray@morganlewis.com | *Attorneys for Substituting Defendants* |
| tae-woong.koo@morganlewis.com | *QD Oxford UK Limited and Quantum Design International Inc.* |