**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAYBELL QUANTUM INDUSTRIES, INC.,<br><br>        Plaintiff,<br><br>     v.<br><br>QD OXFORD UK LIMITED and QUANTUM DESIGN INTERNATIONAL INC.<br><br>        Defendants. | C.A. No. 1:25-cv-00949-MN |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS MOTION TO
PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>**

Andrew J. Gray IV (*pro hac vice*)
Tae-Woong Koo (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone:  650.843.4000
Fax:  650.843.4001
andrew.gray@morganlewis.com
tae-woong.koo@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com


*Attorneys for Defendants
QD Oxford UK Limited and Quantum Design
International Inc.*

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT ...................................... 1

II.    NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

III.   STATEMENT OF FACTS ............................................................................................... 2

IV.    LEGAL STANDARD....................................................................................................... 2

       A.    Failure to State a Claim Under Rule 12(b)(6).......................................................... 2

       B.    Standards for Pleading Contributory Infringement................................................ 3

V.     ARGUMENT..................................................................................................................... 3

       A.    Maybell's Contributory Infringement Claim is Implausible ................................. 3

       B.    The Court Should Dismiss Maybell's Contributory Infringement Claim
             with Prejudice ......................................................................................................... 6

VI.    CONCLUSION................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
No. 1:16-cv-00662-MN-SRF, 2018 WL 6974947 (D. Del. Dec. 27, 2018)..............................5

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
377 U.S. 476 (1964)...........................................................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................................2

*Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*,
530 F. Supp. 3d 468 ..........................................................................................................4

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)...........................................................................................4

*Boyd v. New Jersey Dep't of Corr.*,
583 F. App'x 30 (3d Cir. 2014) ...........................................................................................6

*HSM Portfolio LLC v. Fujitsu Ltd.*,
C.A. No. 1:11-cv-00770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014) ........................3, 4

*PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*,
C.A. No. 1:21-cv-00346-LPS-SRF, 2022 WL 610740 (D. Del. Jan. 26, 2022).......................5

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
C.A. No. 1:20-cv-01197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021) ...........................3, 4

**Statutes**

35 U.S.C. § 271(c) ................................................................................................1, 3, 5, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 2, 6

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff Maybell Quantum Industries, Inc. ("Maybell") repeats a legally flawed claim of contributory infringement of U.S. Patent No. 12,313,320 ("the '320 Patent") in its First Amended Complaint ("FAC").  Such claim must satisfy the statutory requirement of selling a *component* of a patented invention under 35 U.S.C. § 271(c).  Maybell's FAC fails to identify a component of the patented invention that is especially designed for an infringing product, as required for a contributory infringement claim.  Instead, Maybell's contributory infringement claim relies on the same products—ProteoxQX dilution refrigerators—that it accuses of direct infringement.  Accordingly, Maybell does not allege a proper claim for contributory infringement, and, pursuant to Rule 12(b)(6), this claim must be dismissed.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On July 29, 2025, Maybell filed its original Complaint accusing Oxford Instruments PLC and Oxford Instruments Nanotechnology Tools Ltd. (collectively, "Oxford Instruments") of direct, willful, induced, and contributory infringement.  D.I. 1 ¶¶ 29-44.  On January 23, 2026, QD Oxford UK Limited ("QDOUK") and Quantum Design International Inc. ("QDI") (collectively, "Quantum" or "Defendants"), Oxford Instruments, and Maybell filed a joint stipulation to substitute Oxford Instruments with Quantum as defendants in this case.  D.I. 13 ("Substitution Stipulation").  The Court granted this stipulation.  D.I. 15.  Also on January 23, 2026, Quantum moved to partially dismiss the original Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  In particular, Quantum moved to dismiss Maybell's claims of willful, induced, and contributory infringement. D.I. 14.  Rather than oppose Quantum's motion, Maybell filed the FAC.  D.I. 18.  Quantum now moves to partially dismiss the FAC for failure to state a claim upon which relief can be granted as to contributory infringement for largely the same reasons set forth in Quantum's prior Motion

1

to Dismiss in that the allegations in the FAC remain deficient as a matter of law.  This case otherwise remains in its infancy.

## III.    STATEMENT OF FACTS

In the FAC, Maybell alleges that "Oxford Instruments has contributorily infringed at least claims 1, 17, and 18 of the '320 Patent by importing, selling, and offering to sell the Accused Products within the United States."[1]  FAC ¶ 47.  Maybell defines the "Accused Products" as the "ProteoxQX systems," which are dilution refrigerators.  *Id.* ¶ 20, Ex. B at 1.  The FAC's direct infringement claim relies on the same Accused Products, and alleges that the "Accused Products meet each and every limitation of claims 1, 17 and 18 either literally or under the doctrine of equivalents."  *Id.* ¶ 34.  Apart from the Accused Products, Maybell does not identify any "component" that Defendants especially designed or adapted for combination into an infringing product.

## IV.    LEGAL STANDARD

### A.    Failure to State a Claim Under Rule 12(b)(6)

To state a claim upon which relief can be granted, a complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Rather, a complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

---

[1] Quantum represented in the Substitution Stipulation that QDI "acquired . . . all liabilities that relate to Maybell's allegations and claims against [Oxford Instruments] in the [Original] Complaint."  D.I. 15 at 1.

### B.    Standards for Pleading Contributory Infringement

A claim for contributory infringement requires a showing that the accused infringer "offers to sell or sells . . . a component of a patented [invention], constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."  35 U.S.C. § 271(c).  Accordingly, contributory infringement requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing."  *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).  Thus, to plead contributory infringement, the complaint must allege that the defendant: "(1) had knowledge of the patent; (2) sold products especially made for [the combination product's] infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) [the combination product] directly infringed."  *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 1:11-cv-00770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) (alterations in original).

## V.    ARGUMENT

### A.    Maybell's Contributory Infringement Claim is Implausible

In order to state a claim for contributory infringement, Maybell must plead, *inter alia*, that Defendants sell a "component" of a patented machine.  *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, C.A. No. 1:20-cv-01197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021), *report and recommendation adopted*, C.A. No. 1:20-cv-01197-LPS, 2021 WL 5860783, at *5 (D. Del. Aug. 12, 2021).  Maybell fails to do so.  Instead, Maybell alleges that the ProteoxQX dilution refrigerator itself is the infringing product and that the making/using/selling/offering to sell/importing of that entire dilution refrigerator constitutes both direct and indirect infringement. FAC ¶¶ 33-34.

As a matter of law, Maybell cannot rely on the same "Accused Product" for its direct and contributory infringement claims.  Direct infringement and contributory infringement are "distinct concepts, with distinct standards." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).  And the distinct substantial noninfringing use inquiry for contributory infringement is whether the especially designed component "can be used for purposes *other than* infringement," not whether that component alone can infringe.  *Id.* The FAC never once mentions a "component" with no substantial noninfringing uses that Defendants allegedly especially designed for an infringing combination.  Instead, the FAC alleges that the "*Accused Products* are not staple articles or commodities of commerce with substantial noninfringing uses."  FAC ¶ 48.

Courts in this District have established, however, that the Accused Product "itself" cannot be a "component" of a patented machine.  *See Tonal Sys.*, 2021 WL 5860783, at *5; *Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 530 F. Supp. 3d 468 at 491 (adopting recommendation of Judge Burke and granting motion to dismiss a claim of contributory infringement because, *inter alia*, "Plaintiff's FAC seems to be alleging that the Accused LED Products themselves allegedly satisfy the limitation of the asserted claims before their incorporation into any combination—i.e. not contributory infringement") (internal quotations marks, brackets, and citations omitted); *see also HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 1:11-cv-00770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014) ("Toshiba's main argument is that the accused semiconductor chips are not components especially designed for an infringement product because they are accused of direct infringement in and of themselves.  I agree.").

The fact that Maybell alleges that the "Accused Products are designed, configured, and adapted to work with other refrigerators and with other third-party devices, such as *quantum*

*computer systems* cooled by one or more dilution refrigerators" does not change the result. FAC ¶ 48 (emphasis added); *see also id.* ("[T]he accused dilution refrigerators are designed for a customer's quantum computing system either as 'a large continuous mixing chamber, or [a] separately controlled mixing chamber spaces.'"). For these allegations to amount to a plausible contributory infringement claim, the Accused Products must be "a component of a patented [invention]." 35 U.S.C. § 271(c). However, a quantum computer system is <u>not</u> the asserted invention. The asserted invention is "a *dilution refrigerator* comprising: an outer vacuum chamber including at least one substantially planar surface and an opening in the at least one substantially planar surface configured to provide access to an interior of the outer vacuum chamber." FAC ¶ 17 (emphasis added). And Maybell explicitly contends that the Accused Products themselves embody the asserted dilution refrigerator before their incorporation into any combination. *Id.* ¶¶ 23-28, 30, 34. Therefore, Maybell has failed to identify a component of the alleged invention – *i.e.*, a dilution refrigerator – that serves as a basis for contributory infringement.

In addition, because the FAC has failed to identify what the component is, the FAC also fails to plausibly allege that there is no substantial noninfringing use of a component of the alleged invention. The allegation of contributory infringement should be dismissed because it is not sufficient to "simply parrot[] the language of the no substantial non-infringing use requirement." *PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, C.A. No. 1:21-cv-00346-LPS-SRF, 2022 WL 610740 (D. Del. Jan. 26, 2022), *report and recommendation adopted*, C.A. No. 1:21-cv-00346-LPS-SRF, 2022 WL 611260, at *3 (D. Del. Feb. 18, 2022); *see also AgroFresh Inc. v. Essentiv LLC*, C.A. No. 1:16-cv-00662-MN-SRF, 2018 WL 6974947, at *6 (D. Del. Dec. 27, 2018) ("Courts within this district have held that reciting this element of the cause of action,

5

without more, is not sufficient to survive a motion to dismiss"). Maybell's allegation that the Accused Products, which Maybell alleges fully embody the patent invention, have no substantial noninfringing use is not a substitution for the statutory requirement that Maybell plausibly allege the absence of a substantial noninfringing use of a component of the alleged invention.

Because Maybell fails to identify "a **component** of a patented [invention]," 35 U.S.C. § 271(c) (emphasis added), that is especially designed for an infringing product, as required for contributory infringement, its contributory infringement claim must fail.

**B.      The Court Should Dismiss Maybell's Contributory Infringement Claim with Prejudice**

Maybell's failure to cure its contributory infringement deficiency in its First Amended Complaint despite being put on notice of this deficiency demonstrates that any further amendment would be futile. *See Boyd v. New Jersey Dep't of Corr.*, 583 F. App'x 30, 32 (3d Cir. 2014) (affirming district court's finding that further amendment was futile when plaintiff failed to cure previously identified deficiencies). Defendant's Motion to Dismiss the original Complaint outlined Maybell's erroneous reliance on the same Accused Products for its direct and contributory infringement claims. D.I. 14 at 15. Yet, Maybell's amendments wholly failed to identify a "component of a patented [invention]" that is separate and apart from the accused ProteoxQX systems. Further, as discussed above, Maybell's amendments continue to allege that the Accused Products contribute to a contributory infringement that is beyond the scope of the '320 patent. As such, the futility of a further amendment warrants dismissing the contributory infringement claim with prejudice.

## VI.    CONCLUSION

The Court must dismiss with prejudice Maybell's allegations in Count I for contributory infringement (§ 271(c)) of the '320 Patent pursuant to Rule 12(b)(6) for failure to plead facts sufficient to state a claim on which relief can be granted.

Dated:  February 20, 2026

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*

Andrew J. Gray IV (*pro hac vice*)
Tae-Woong Koo (*pro hac vice*)
1400 Page Mill Road
Palo Alto, California 94304
Telephone:  650.843.4000
Fax:  650.843.4001
andrew.gray@morganlewis.com
tae-woong.koo@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Substituting Defendants*
*QD Oxford UK Limited and Quantum*
*Design International Inc.*

7