**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MAYBELL QUANTUM INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> QD OXFORD UK LIMITED and QUANTUM DESIGN INTERNATIONAL INC. <br><br> Defendants. | C.A. No. 1:25-cv-00949-MN |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO
PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM</u>**

Andrew J. Gray IV (*pro hac vice*)
Tae-Woong Koo (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone:  650.843.4000
Fax:  650.843.4001
andrew.gray@morganlewis.com
tae-woong.koo@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
MORGAN, LEWIS & BOCKIUS LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com


*Attorneys for Defendants
QD Oxford UK Limited and Quantum Design
International Inc.*

**TABLE OF CONTENTS**

<b>Page</b>

I.     INTRODUCTION ....................................................................................................... 1

II.    ARGUMENT................................................................................................................ 1

      A.    Maybell's Contributory Infringement Argument is Contrary to the Purpose of § 271(c)....................................................................................................... 1

      B.    In The District of Delaware, Direct and Contributory Infringement Claims Cannot Rely on the Same Accused Product ............................................................ 3

      C.    Maybell's Reliance on *Ricoh* and *Conair* is Inapt.................................................... 5

      D.    Maybell Fails to Allege a Substantial Non-Infringing Use Because it Failed to Properly Identify a Component............................................................... 6

      E.    The Court Should Dismiss Maybell's Contributory Infringement Claim with Prejudice ........................................................................................................ 7

III.   CONCLUSION............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ..........................................................................7

*Berall v. Pentax of Am., Inc.*,
No. 10-CV-5777 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ................................5, 6

*Conair Corp. v. Jarden Corp.*,
No. 13-CV-6702-AJN, 2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014) ......................................6

*Dawson Chem. Co. v. Rohm & Haas Co.*,
448 U.S. 176 (1980)............................................................................................2

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
909 F.2d 1464 (Fed. Cir. 1990)..............................................................................2

*HSM Portfolio LLC v. Fujitsu Ltd.*,
No. 11-770-RGA, 2014 WL 4468088 (D. Del. Sept. 9, 2014)..............................................3, 6

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)............................................................................................2

*Ricoh Co. v. Quanta Computer Inc.*,
550 F.3d 1325 (Fed. Cir. 2008)..........................................................................2, 3, 5

*Schiavo v. Carney*,
548 F. Supp. 3d 437 (D. Del. 2021)..........................................................................4

*Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*,
No. 20-1197-LPS, 2021 WL 1785072 (D. Del. May 5, 2021) ................................................4

**Statutes**

35 U.S.C. § 271(c) .............................................................................................1, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................................................................7

## I.     INTRODUCTION

Maybell's attempt to assert both direct and contributory infringement claims against the ProteoxQX dilution refrigerator system is fundamentally flawed.  Despite this District's precedent that a single product cannot be accused of both direct and contributory infringement, Maybell argues that a single ProteoxQX unit can directly infringe while also acting as a component in a larger infringing system—a "multi-unit" dilution refrigerator.  This stance is antithetical to the very essence of contributory infringement.

Contributory infringement is designed to hold accountable those who sell an especially made component that infringes only when combined into a larger infringing product.  Maybell's argument muddles this principle and misinterprets its own patent's claims.  The focus should be on whether Defendants provide an especially made component with no substantial non-infringing uses that is combined *into* the patented invention—"a dilution refrigerator comprising: an outer vacuum chamber including at least one substantially planar surface and an opening in the at least one substantially planar surface configured to provide access to an interior of the outer vacuum chamber."  FAC ¶ 17.  Maybell's shortcut attempt to claim that individual accused refrigerators can combine into a larger system falls outside the contributory infringement doctrine's scope.

## II.     ARGUMENT

### A.     Maybell's Contributory Infringement Argument is Contrary to the Purpose of § 271(c)

Maybell concedes that it accuses the ProteoxQX dilution refrigerator system of both direct and contributory infringement.  It argues, however, that Defendants are liable for contributory infringement because a single ProteoxQX refrigerator, which it alleges infringes on

1

its own, can also be "sold as components to be combined into a larger-capacity refrigerator" that also directly infringes.  Opp. at 1.

This "modular" theory disregards longstanding precedent.  Contributory infringement targets those who would otherwise escape liability because their product (*i.e.*, the contributing component) does not practice every limitation of a claim.  *See, e.g.*, *Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 188 (1980) (explaining contributory infringement "exists to protect patent rights from subversion by those who, **without directly infringing the patent themselves**, engage in acts designed to facilitate infringement by others.") (emphasis added); *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) ("[C]ontributory infringement cases dealt with the situation where a seller would sell a component **which was not itself technically covered by the claims** of a product or process patent but which had no other use except with the claimed product or process.") (emphasis added).  Even the *Ricoh* case on which Maybell relies explained that contributory infringement provides relief in situations where "**it may be impossible to enforce rights in the protected work effectively against all direct infringers**, [and] the only practical alternative [is] to go against the distributor of the copying device for secondary liability."  *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005)) (emphasis added).  That is not the case here.

Maybell claims that Defendants' ProteoxQX refrigerators "meet each and every limitation of claims 1, 17 and 18 . . . as set forth in Exhibit B."  FAC ¶¶ 33-34.  By Maybell's own admission, Defendants' ProteoxQX refrigerators fail the first requirement of contributory infringement: the sale of a component that does not directly infringe the patent.  Therefore,

contributory infringement, intended to protect against the sale of non-infringing components, is inapplicable to the Accused Products.

### B. In The District of Delaware, Direct and Contributory Infringement Claims Cannot Rely on the Same Accused Product

Maybell's attempt to distinguish Defendants' cited District of Delaware cases dismissing contributory infringement claims falls flat. Maybell overlooks that using the same accused product for direct and contributory infringement is enough to dismiss the contributory infringement claim, regardless of other pleading issues. In *Bench Walk*, the court held that alleging that the Accused Products themselves meet the claim limitations before any combination "[is] not contributory infringement." *Id.*

Similarly, in *HSM Portfolio*, the court rejected an argument akin to Maybell's. There, the plaintiff argued that the "components" were the accused Toshiba semiconductor devices, while the "patented machine" was the finished products sold by Toshiba's customers. *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, 2014 WL 4468088, at *1 (D. Del. Sept. 9, 2014). The court found this argument legally nonsensical given the plaintiff's allegation that "every use of Toshiba's semiconductor devices necessarily involves the infringing features." *Id.* The dismissal was not due to a "fail[ure] to distinguish the component from the patented combination," as Maybell contends (Opp. at 10), but because the component alone practiced the asserted patent. *HSM Portfolio*, 2014 WL 4468088, at *1.

Despite Maybell's mischaracterization, the *HSM Portfolio* case is directly relevant here. Maybell alleges that the "components" are the ProteoxQX single unit refrigerators whereas the "patented machine" and "finished product" is the multi-unit refrigerator used by Defendants' customers. The *HSM Portfolio* court emphasized that it is "necessary to plead that the component has no substantial noninfringing uses" because "**the component alone does not**

3

**directly infringe**." *Id.* Because Maybell alleges that Defendants' ProteoxQX directly infringe the '320 Patent, it cannot logically argue at the same time that Defendants' ProteoxQX refrigerators do not infringe, a requirement for contributory infringement.

Maybell's reference to *Tonal Systems* is also flawed. There, the court determined "that the Tonal Device itself cannot be a 'component' of a patented machine, because [it was alleged] that the Tonal Device *is* the patented machine, and thus directly infringes the asserted patents." *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, No. 20-1197-LPS, 2021 WL 1785072, at *5 (D. Del. May 5, 2021), *report and recommendation adopted*, No. 20-1197-LPS, 2021 WL 5860783 (D. Del. Aug. 12, 2021) (emphasis in original). As Maybell admits, the court found it contradictory to characterize the same product as both the complete patented machine and a mere component of the same machine, leading to the dismissal of the contributory infringement claim. Opp. at 9. Similarly, Maybell's portrayal of Defendants' ProteoxQX refrigerators as both the complete patented machine and a component of an allegedly infringing system is contradictory and should be dismissed.

Maybell attempts to address this inconsistency by contending, for the first time, that Defendants would contributorily infringe if they provided a ProteoxQX refrigerator without a hinged door and a customer combined it with a unit that has one. However, Maybell fails to identify a doorless ProteoxQX refrigerator as a "component" of a larger dilution refrigerator that infringes claim 18 in its FAC. As held in *Schiavo v. Carney*, a complaint may not be amended through an opposition brief, "and these new facts may not be considered by the Court on the instant motion to dismiss." 548 F. Supp. 3d 437, 441 n.3 (D. Del. 2021). Moreover, in this scenario, the unit with the hinged door allegedly infringes claim 18 on its own, so adding a

4

doorless ProteoxQX does not contribute to infringement.  Accordingly, Maybell's argument fails and the *Tonal Systems* holding remains applicable.

### C.        Maybell's Reliance on *Ricoh* and *Conair* is Inapt

Maybell misinterprets the principles from *Ricoh*.  There, the plaintiff asserted method claims directed to disk writing, and alleged that defendant's disk drives contributed to a third party's direct infringement.  *Ricoh*, 550 F.3d at 1336.  Although certain microcontrollers within the disk drive allegedly had no non-infringing use, the defendant argued that the disk drive itself could not be a "component" for contributory infringement purposes due to its other features allowing substantial non-infringing uses.  *Id.*  The Federal Circuit clarified that liability as a contributory infringer cannot be avoided by embedding a component (microcontroller) with no non-infringing use into "a larger product with some additional, separable feature before importing and selling it."  *Id.* at 1337.  The  focus should be on the true "component" contributing to infringement (microcontroller) instead of the larger product in which the component is embedded (disk drive).

*Ricoh* does not support the notion that a plaintiff can assert contributory infringement over a larger product that includes a component that independently practices each limitation of an asserted claim.  Courts, like in *Berall v. Pentax of Am., Inc.*, use *Ricoh* to dismiss contributory infringement claims relying on the same accused products as in direct infringement claims. The *Berall* court emphasized that contributory infringement claims address situations where a seller provides "a component which was not itself technically covered by the claims of a product or process patent but which had no other use except with the claimed product or process." *Berall v. Pentax of Am., Inc.*, No. 10-CV-5777 (LAP), 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) (citation modified).  Thus, no contributory infringement existed because the plaintiff "premise[d] his contributory infringement claim on Defendants' sale of the AWS laryngoscopes," a product

he claimed directly infringed the patent. *Id.* The court also found that the plaintiff's reliance on the same *Conair* case cited by Maybell did not change the result.

*Conair* is inapposite for multiple reasons. First, it is an out-of-district unreported case without precedential effect on this Court. Second, the *Conair* decision was premised on the fact that defendant "cited no authority, and the Court [did] not uncover[] any, suggesting that this distinction—i.e., whether the mere sale of a component itself also constitutes direct infringement—is relevant to a defendant's liability for contributory infringement stemming from its customers' use of the component for their own direct infringement." *Conair Corp. v. Jarden Corp.*, No. 13-CV-6702-AJN, 2014 WL 3955172, at *5 (S.D.N.Y. Aug. 12, 2014). Defendants, however, cited several cases from this District that all post-date *Conair* and consistently hold that the "component" for contributory infringement cannot be the same product accused of direct infringement. D.I. 20 at 4; *supra* Section II(b). Finally, as clarified by the *Berall* court in the same District as the *Conair* court, a contributory infringement claim cannot rely on a product that the plaintiff asserts directly infringes the patent. *Berall*, 2021 WL 3934200 at *8.

**D.** **Maybell Fails to Allege a Substantial Non-Infringing Use Because it Failed to Properly Identify a Component**

Maybell's contention that ProteoxQX has no substantial non-infringing use misapplies the law. There is no substantial non-infringing use inquiry when there is no component. *HSM Portfolio*, 2014 WL 4468088, at *1 ("The reason that it is necessary to plead that the component has no substantial noninfringing uses is that the component alone does not directly infringe."). Here, as discussed above, ProteoxQX cannot be a component of the allegedly infringing combination as a matter of law because it is the very same "complete machine" that Maybell accuses of direct infringement.

6

As explained above, Maybell has raised a new theory for the first time in its opposition, claiming that the doorless refrigerator would be a component for claim 18.  Opp. at 9.  Even for this new theory, Maybell's analysis stops with a statement that "the infringing combination is not identical to a single, standalone unit." *Id*.  Maybell has failed to provide any analysis of whether there is no substantial non-infringing use for the doorless refrigerator even in the context of claim 18.

As such, Maybell has failed to plead a component that has no substantial non-infringing use.

> **E.      The Court Should Dismiss Maybell's Contributory Infringement Claim with Prejudice**

Maybell had ample opportunity to address its pleading deficiencies, having access to both Defendants' opening brief (D.I. 20) and Defendants' Motion to Dismiss the original Complaint (D.I. 14) at the time that it amended its initial Complaint.  Rather than amend its Complaint to identify a proper component in accordance with § 271(c) and this District's caselaw – which it cannot do – Maybell now presents a legally unsound "modular" contributory infringement argument.  Denying leave to amend is appropriate here because Maybell has repeatedly failed to cure its pleadings.  *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) ("Nevertheless, where a party repeatedly does not cure defects in its pleadings, a court does not abuse its discretion by refusing to allow further amendments.").  Given Maybell's inability to remedy this deficiency, even with leave to amend, the Court should deny the request.

## III.      CONCLUSION

The Court must dismiss with prejudice Maybell's allegations in Count I for contributory infringement (§ 271(c)) of the '320 Patent pursuant to Rule 12(b)(6) for failure to plead facts sufficient to state a claim on which relief can be granted.

Dated:  March 13, 2026

Andrew J. Gray IV (*pro hac vice*)
Tae-Woong Koo (*pro hac vice*)
1400 Page Mill Road
Palo Alto, California 94304
Telephone:  650.843.4000
Fax:  650.843.4001
andrew.gray@morganlewis.com
tae-woong.koo@morganlewis.com

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Substituting Defendants*
*QD Oxford UK Limited and Quantum*
*Design International Inc.*

8