SHAW KELLER LLP

Karen E. Keller
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0702 – Direct
kkeller@shawkeller.com

May 22, 2026

**BY CM/ECF**
The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

Re: *Maybell Quantum Industries, Inc. v. QD Oxford UK Limited and Quantum Design International Inc.*, C.A. No. 25-949-MN

Dear Judge Noreika:

We represent Maybell Quantum Industries, Inc. ("Maybell"). We write to respectfully request that the Court issue an oral order directing the parties to engage in the meet and confer process required by Rule 26(f) and to submit proposed case scheduling and protective orders.

Over the past month, Maybell has made multiple attempts to schedule a Rule 26(f) conference, without success. Defendants have taken the position that a Rule 26(f) conference is premature, arguing that pursuant to Rule 26(f)(1), the conference should be scheduled only in the timeframe between when the Court directs the parties to submit a proposed scheduling order and the deadline for that submission, and that in any event the conference should await resolution of the pending motion to dismiss so the parties can discuss the appropriate scope of discovery. For the reasons set forth below, Maybell respectfully submits that there is no basis for further delay.

First, the pending motion to dismiss will not resolve the entire case, including because Defendants have moved only to dismiss Maybell's claim for contributory infringement, leaving intact Maybell's claims for direct infringement, willful infringement, and induced infringement. The motion does not operate as an automatic stay of the case, and courts in this district have recognized that a plaintiff's case "should move forward—even in the face of early-filed motions that have yet to be fully resolved." *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, C.A. No. 15-286-LPS-CJB, 2015 WL 3918866 (D. Del. June 23, 2015). Moreover, even if the Court were to decline to issue an order for a Rule 16 scheduling conference at this stage, there is nothing inconsistent about the parties conducting a Rule 26(f) conference and commencing discovery in the interim.

Second, Defendants' procedural argument based on Rule 26(f)(1) is misplaced. The rule requires the parties to confer "as soon as practicable," and does not prohibit parties from conferring before the Court first directs the parties to submit a proposed scheduling order. Nothing in Rule 26(f)(1) conditions the parties' obligation to confer on a prior court order, and Defendants cite no authority for that proposition. The proper sequence under the Rule is for the

parties to confer, submit a proposed discovery plan, and allow the Court to enter a scheduling order on that basis, not, as Defendants suggest, for the Court to first issue a directive before the parties are obligated to confer at all.

Third, Defendants provide no basis for their argument that the Rule 26(f) conference should await resolution of the pending motion to dismiss so that the parties can discuss the appropriate scope of discovery. Discovery will be necessary regardless of how the Court rules on the motion and Defendants have not identified any material difference in the scope of discovery that would depend on its outcome. While awaiting resolution, the parties should move this action forward.

This case was originally filed on July 29, 2025, and the Amended Complaint was filed on February 6, 2026. Nearly ten months have passed since this action was commenced, and there is no justification for further delay. The only pending motion is Defendants' partial motion to dismiss a single claim for contributory infringement—a motion that is not dispositive of the case under any outcome. This case will proceed regardless of how the Court rules, and the parties should begin the discovery process now. For these reasons, Maybell respectfully requests that the Court order the parties to meet and confer in accordance with Federal Rule of Civil Procedure 26(f) within seven days of the order.

We are available to answer any questions at the Court's convenience.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by CM/ECF)
All counsel of record (by CM/ECF and e-mail)